# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30252
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 3, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDDIE KENDRICKS JACKSON, also known as Mookie, also known as Mook Dog,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-172-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Eddie Kendricks Jackson pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to, *inter alia*, 300-months' imprisonment,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-30252

below the advisory Sentencing Guidelines range of 324- to 405-months' imprisonment.

Challenging only his sentence, Jackson asserts primarily that the court erred by treating his convictions at age 17 as predicate offenses in determining he was a career offender under the Guidelines, despite the Louisiana legislature's having recently changed the age at which an offender must be considered an adult to 18-years-old.  (As discussed *infra*, his other sentencing issue is waived.)

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"The Guidelines define a 'career offender' as an offender with at least two prior felony convictions for violent or drug-related crimes."  *Buford v. United States*, 532 U.S. 59, 60 (2001) (internal quotation marks and citation omitted). "To serve as a predicate for the career-offender enhancement, a conviction must be an adult conviction."  *United States v. Bams*, 858 F.3d 937, 947 (5th Cir. 2017) (citation omitted).  A conviction obtained at age 17 "is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted".  U.S.S.G. § 4B1.2 cmt. n.1.

No. 19-30252

Jackson does not dispute that his predicate convictions were classified as adult convictions under Louisiana law.  He instead asserts the State has since raised the age for adult convictions.  He speculates that, because the Supreme Court made retroactive its holdings that it is unconstitutional to execute an individual who was under 18-years-old at the time he committed a capital crime, *Roper v. Simmons*, 543 U.S. 551, 578–79 (2005), and to impose a mandatory sentence of life in prison without possibility of parole for juvenile offenders, *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016), Louisiana will make its new law retroactive.

The Louisiana act, however, was written prospectively, defining a *child* as "any person under the age of twenty-one . . . who commits a delinquent act" (a) before turning 17; (b) "on or after March 1, 2019, when the act is not a crime of violence . . . and occurs before the person attains eighteen years of age"; and (c) "on or after July 1, 2020, and before the person attains eighteen years of age".  La. Child. Code Ann. art. 804(1) (2018).  Under Louisiana law, "the legislature's intent as to the retroactive application of a statute must be present in the wording of the Act".  *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 200 (La. 2008) (citations omitted).  Nothing in the Louisiana act suggests it is retroactive.  Jackson, therefore, has not demonstrated the district court misapplied the Guidelines in determining he was a career offender.

Relying on a district-court decision from another circuit, which was rendered before his original brief on appeal was filed, Jackson asserts in his reply brief that his sentence is substantively unreasonable because Guideline § 2D1.1(c), pertaining to controlled substances and quantity, overemphasizes purity and amount of methamphetamine and does not accurately account for his actual role in the conspiracy.  Jackson's not raising this issue until his reply

No. 19-30252

brief results in its being waived. *See United States v. Clay*, 921 F.3d 550, 557 n.2 (5th Cir. 2019) (citation omitted).

AFFIRMED.